UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lawrence Gault, | ) | C/A No.: 3:09-923-HFF-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Chuck Wright; and | ) | |
| Jason Sain, | ) | |
| | ) | Report and Recommendation |
| Defendants. | ) | |
| | ) | |

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).  As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007)*;  Hughes v. Rowe*, 449 U.S. 5 (1980);  *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978)*;  Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978).  Even under this less stringent standard, however, the *pro se* complaint is still subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

Background

Plaintiff files this civil rights complaint alleging that he has been stalked and harassed by city police officers in Pacolet, South Carolina, and county law enforcement officers in Spartanburg, South Carolina. Plaintiff claims that: (1) he has been written illegal tickets; (2) his driver's license has been illegally taken; and (3) surveillance cameras have been illegally placed in his home. Plaintiff also appears to allege that he has been falsely or illegally arrested on charges that were subsequently dismissed. Defendant Wright, the Spartanburg County Sheriff, is named in his supervisory capacity. Plaintiff provides no information in the body of the complaint regarding Defendant Sain. Plaintiff seeks monetary damages for the alleged constitutional violations.

Discussion

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendants deprived him of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The instant complaint names the Spartanburg County Sheriff, Chuck Wright, as a Defendant. In South Carolina, a sheriff is considered a state actor. *See Cone v. Nettles*, 417 S.E.2d 523, 524-25 (1992) (citing reasoning of *Gulledge v. Smart*, 691 F. Supp. 947 (D.S.C. 1988)). However, a federal suit against a sheriff in his or her official capacity is barred by the Eleventh Amendment, which prohibits a federal court from entertaining an action where the defendant is a state or a state agency. *See Fla. Dept. of Health Rehabilitative Serv. v. Fla. Nursing Home Ass'n.*, 450 U.S. 147 (1981). This immunity extends to state officers, such as Defendant Wright, acting in their official capacity. *See Gray v. Laws*, 51 F3d. 426, 430 (4th Cir. 1995). *See also Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (finding sheriff to be immune because, in his official capacity, he is "an arm of the state"); *McCall v. Williams*, 52 F. Supp. 2d 611, 615

(D.S.C. 1999) (same). Therefore, Defendant Wright, in his official capacity, is immune from Plaintiff's suit for money damages under § 1983.

It is further noted that Plaintiff appears to be stating a claim against Defendant Wright based on this Defendant's role as a supervisor. Plaintiff states, "[t]he Spartanburg County Police under Sheriff Wright use mob type tactics, they write tickets and become the Judge and the Jury . . . ." (Plaintiff's complaint, page 6). While supervisory officials may be held liable, in some circumstances, for constitutional injuries inflicted by their subordinates, *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994), certain criteria must be met before such liability can attach. The plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). Plaintiff's complaint contains no facts regarding Defendant Wright which would satisfy the above criteria. Therefore, in addition to Defendant Wright being protected from suit in his official capacity by the Eleventh Amendment, any claim Plaintiff may be attempting to raise against this Defendant in his supervisory capacity would also be subject to summary dismissal.

Finally, Plaintiff provides insufficient factual allegations to state a § 1983 claim against the named Defendants in their individual capacities. Plaintiff provides no facts regarding Defendant Sain in the body of the complaint. In reference to Defendant Wright, Plaintiff states this Defendant denied that a device found in Plaintiff's home was a camera, and that Defendant Wright has "refused to see me to this day." (Plaintiff's complaint, page 6). However, neither of these allegations is sufficient to state a constitutional claim against Defendant Wright in his individual capacity. The

complaint's general statements that Plaintiff's rights have been violated by the police, absent specific personal allegations against the Defendants, fail to state a claim under § 1983.

Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion").  While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003).  This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985).  The complaint fails to state a claim upon which relief may be granted under § 1983, and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  Plaintiff's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

April    28, 2009
Columbia, South Carolina.

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).